UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS FORBES,<br><br>　　　　　Defendant. | Case No. 15-cv-01222-RS<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR SANCTIONS** |

　　　　Pursuant to Civil Local Rule 7-1(b), plaintiff's motions to remand this matter to Alameda County Superior court and to impose monetary sanctions are suitable for disposition without oral argument, and the hearing set for May 21, 2015 is vacated. The motion to remand will be granted, but sanctions will not be imposed.

　　　　This is the third time this action has been removed to a federal court. In 2014, Sonora Rogers, Donnie Mayes, and Thomas Forbes, acting *in pro se*, jointly filed a notice of removal in the Central District. The court issued a remand order *sua sponte*, explaining that not only had the notice of removal been filed in the wrong district, but that there was no basis for removal jurisdiction in any event.

　　　　Notwithstanding that order, in January of this year Mayes filed a notice of removal in this district. On plaintiff's motion, the matter was remanded by order entered on March 2, 2015. See C-15-00026 RS. Dkt. No. 24. Plaintiff's motion for sanctions against Mayes was denied, but he was expressly cautioned that any further attempts to remove the action to federal court would

expose him to sanctions.

Approximately two weeks later, Rogers filed the notice of removal that resulted in the opening of this case file. The filing of the notice of removal, which is substantially identical to the one filed in C-15-00026 RS, was unarguably frivolous and a transparent attempt to delay and interfere with the proceedings in the superior court. Rogers has filed no responses to plaintiff's motions in this court. As explained in the orders of remand in the prior proceedings both here and in the Central District, there is no basis for removal on either federal question or diversity grounds. Additionally, removal at this juncture would be untimely in any event. Accordingly, the motion to remand must be granted.

It can be inferred that Rogers had notice of the remand order in C-15-00026 RS, both because she and Mayes previously filed documents jointly and because absent knowing of the remand, she would have had no occasion to remove. As such, the record plainly would support an award of monetary sanctions against her. In light of the limited deterrent effect such an award would serve at this point in time, however, and because the prior warning was not expressly directed at her, the motion for sanctions will be denied. <u>Rogers, Mayes, Forbes, and any or all other persons acting with them or on their behalf are hereby expressly warned that any further notices of removal filed in this matter will lead to summary remand and will expose the removing parties to substantial monetary sanctions.</u> This action is hereby remanded to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated: May 13, 2015

_____
RICHARD SEEBORG
United States District Judge